Almond et al v. USDC-R.I.          CV-93-19-B     05/31/94

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Lincoln C. Almond,
Edwin J. Gale and
Michael Davitt

    v.                                    Civil No. C.  93-19-B (D.N.H.)
                                          CA. 92-0663 (D.R.I.)

U.S. District Court for the
District of Rhode Island, et al.


**O R D E R**


The United States Attorney and his assistants move that I reconsider and expand the scope of my April 18, 1994 Order granting them summary judgment on their challenge to the validity of the federal and state versions of Rhode Island Rule of Professional Conduct 3.8(f).[1]  Although neither version of the rule differentiates between grand jury and trial subpoenas, I noted at the Order's outset that the prosecutors challenged the rules "only to the extent that they require pre-service judicial

---

[1]Rule 3.8(f) requires prosecutors to obtain judicial approval before subpoenaing attorneys to give evidence "concerning a person who is or was represented by the lawyer when such evidence was obtained as a result of the attorney-client relationship."  The rule was adopted by the Rhode Island Supreme Court and later incorporated by reference into the local rules of the Federal District Court for the District of Rhode Island.  The facts relating to the prosecutors' motion for summary judgment are fully set out in the April 18 Order, and I assume the reader's familiarity therewith.

review of subpoenas issued on the grand jury's behalf."  Slip op.
at 2 n.1.  I therefore limited my analysis and holding to this
issue, declaring the rules invalid as applied to grand jury
subpoenas because they impermissibly infringe upon the grand
jury's historical independence from its constituting court.  The
prosecutors now urge me to broaden my holding and invalidate the
rules' application to trial subpoenas.  They argue that their
motion for summary judgment encompassed a challenge to this
application of the rules, and that their arguments regarding
grand jury subpoenas are dispositive of the trial subpoena issue.
For the following reasons, I grant the prosecutors' motion for
reconsideration, but award summary judgment to defendants on the
issue of whether the federal and state versions of Rule 3.8(f)
may be applied to federal prosecutors conducting criminal trials.


**I.  DISCUSSION**

**A.    Motion for Reconsideration**

The prosecutors concede that their summary judgment motion
"focus[ed] primarily on the rules' application to grand jury
subpoenas."  However, they argue that the "gist" of their
challenge remained the same as that set out in their complaint --
a challenge to the application of the two rules to federal
prosecutors "supervising grand juries or conducting criminal

trials."  They contend that their summary judgment motion focused on grand jury subpoenas merely because "[t]he bulk of the caselaw, and consequently, the strongest arguments happen to relate to the rules' applicability to grand jury subpoenas."

The prosecutors overestimate the clarity of their summary judgment efforts.  Far from conveying the claimed bipartite "gist," the prosecutors' references to trial subpoenas were passing at best.  Nevertheless, they did raise the issue in their complaint and in their summary judgment motion's request for relief.  Accordingly, I give the prosecutors the benefit of the doubt and grant their motion for reconsideration.


**B.   The Merits**

The prosecutors contend that summary judgment on the trial subpoena issue is warranted because this application of Local Rule 3.8(f), like its application to grand jury subpoenas, exceeds the federal district court's rulemaking power.  They also contend that, absent a valid local rule, enforcement of the state rule against federal prosecutors violates the Supremacy Clause. I address these contentions seriatim.

3

## 1) __The Local Rule__

To determine the validity of Local Rule 3.8(f), I must consider

> [1] whether the rule conflicts with an Act of Congress; [2] whether the rule conflicts with the rules of procedure promulgated by [the Supreme] Court; [3] whether the rule is constitutionally infirm; and [4] whether the subject matter governed by the rule is not within the power of a lower federal court to regulate.

Frazier v. Heebe, 482 U.S. 641, 654 (1987) (Rhenquist, C.J., dissenting) (brackets added). The prosecutors based their challenge to the application of Local Rule 3.8(f) to grand jury subpoenas on the second and fourth inquiries, arguing that the rule conflicts with Fed. R. Crim. P. 17 and exceeds the District Court's inherent power over the grand jury. In my April 18 Order, I rejected the former argument but granted summary judgment on the latter. Specifically, I held that, as applied to grand jury subpoenas, Local Rule 3.8(f) exceeds the federal district court's rulemaking power because the court lacked the supervisory power to curtail the grand jury's traditional independence. In challenging the rule's application to trial subpoenas, however, the prosecutors do not contend that this application would exceed the district court's supervisory

4

authority.[2]  Instead, they argue that the rule conflicts with

Fed. R. Crim. P. 17.[3]

In the April 18 Order, I rejected this contention for two reasons.

---

[2]I note that, at least with respect to the scope of the District Court's supervisory authority, trial-related matters stand on a footing very different from those relating to the grand jury.  See United States v. Williams, 112 S. Ct. 1735, 1744 (1992) ("any power federal courts have to fashion, on their own initiative, rules of grand jury procedure is a very limited one, not remotely comparable to the power they maintain over their own proceedings");  also compare United States v. Nixon, 418 U.S. 683, 699-700 (1974) (a trial subpoena for documents must clear three hurdles -- relevancy, admissibility and specificity) with United States v. R. Enterprises, 498 U.S. 292, 297-99 (1991) (Nixon standards do not apply to grand jury subpoenas because broad nature of grand jury's investigative function requires freedom from procedural detours and delays).  However, I do not address this issue because it was not briefed.
I also note that, if the rule were applied to trial subpoenas pursuant to the standards contained in its accompanying commentary, its validity would depend upon the scope of the court's supervisory authority over its own processes.  Given the prosecutors' failure to brief the supervisory authority issue, I do not address the justiciability or merits of this potential application of the rule.

[3]The prosecutors also argue, based on the commentary to Fed. R. Crim. P. 57 and the Third Circuit's decision in Baylson v. Disciplinary Bd., that Local Rule 3.8(f) is invalid because it "goes beyond the 'matters of detail' contemplated by [Rule] 57." Baylson, 975 F.2d 102, 108 (3d Cir. 1992), cert. denied, 113 S. Ct. 1578 (1993).  As I stated in my April 18 Order, I reject this conclusion because the commentary to Rule 57 cannot limit the district courts' rulemaking power in ways not prescribed by the Rule's text.

First, the plain meanings of the two rules do not conflict. Local Rule 3.8(f) requires judicial review after a subpoena has been issued but before it is served. Rule 17, in contrast, is concerned with the form, mechanics and post-service enforcement of subpoenas. It neither expressly nor implicitly addresses post-issuance, pre-service judicial intervention in the subpoena process. Rule 17 thus leaves a void in subpoena practice that is filled by Local Rule 3.8(f). Consequently, at least on their face, the two rules are complimentary, not inconsistent.

Second, Rule 17's failure to address pre-service judicial intervention in the subpoena process does not preclude local rulemaking in this area. As a general matter, 28 U.S.C. § 2071 and Fed. R. Crim. P. 57 indicate that, absent affirmative evidence to the contrary, the Federal Rules' silence on a particular subject should not be construed as preclusive. This is especially true with respect to Rule 17 since the district courts' widely-recognized power to entertain motions to quash testimonial subpoenas requires district courts to exercise authority not granted by the rule. That this remedy exists, despite not being expressly authorized by Rule 17, indicates that the rule's silence with respect to a particular subject matter was not meant to be preclusive.

Slip op. at 17-18 (citations omitted).

Given that Rule 17 does not differentiate between grand jury and trial subpoenas, but instead sets out the basic mechanics governing all types of subpoenas, the above analysis applies with equal force to both applications of Local Rule 3.8(f).

6

**2)** **The State Rule**

Since the state version of Rule 3.8(f) has been incorporated by reference into the local rules of the Federal District Court for the District of Rhode Island, the rule has become federal law.  See United States v. Klubock, 832 F.2d 649, 651 (1st Cir.), vacated but supplementing 832 F.2d 664 (1st Cir. 1987) (en banc) (citing United States v. Hvass, 355 U.S. 570, 574-75 (1958)). Consequently, the prosecutors necessarily premise their challenge to the state version of Rule 3.8(f) on the invalidity of the local rule, arguing that "because the federal local rule is invalid, the State rule violates the Supremacy Clause of the Constitution."  As detailed above, however, I find that Local Rule 3.8(f) may be validly applied to trial subpoenas.  The prosecutors' Supremacy Clause challenge therefore necessarily fails.  See id.


## II.  CONCLUSION

For the foregoing reasons, the prosecutors' motion for reconsideration (document no. 23) is granted.  However, I deny their request for summary judgment on this issue.  Instead, because I have rejected the only arguments advanced by the prosecutors in challenging the application of the rule to trial

7

subpoenas, I grant defendants' cross-motions for summary judgment on this issue (document nos. 12 and 17).

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 31, 1994

cc:  Lauren Jones, Esq.
     S. Michael Levin, Esq.
     John Dolan, Esq.
     Warren Nighswander, Esq.
     James Gillis, Esq., US DOJ
     Sara Criscitelli, Esq., US DOJ
     Clerk - USDC, R.I.
     Margaret Curran, Esq., USA